UNITED STATES of America, Plaintiff—Appellee,

v.

Michael F. SCHULZE, aka Michael Dannon; Alan Banks, Defendant—Appellant.

No. 03–10493.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2005.*

Decided Nov. 28, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Kenneth M. Sorenson, USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Sung B. Park, Esq., Van Nuys, CA, for Defendant–Appellant.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Defendant Michael F. Schulze ("Schulze") appeals the denial of his motion to suppress and his motion to reconsider. The district court properly concluded that the government did not intentionally or recklessly omit material information about the confidential informant from its affidavit in support of a search warrant for Schulze's residence. Moreover, even if the government had intentionally or recklessly omitted information about the informant's background and motivations, there was sufficient independent corroborating evidence in the affidavit to support the magistrate judge's finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *United States v. Martinez–Garcia*, 397 F.3d 1205, 1215 (9th Cir.2005). The confidential informant consistently supplied the government with reliable information,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

which the government confirmed through independent investigation. Additionally, much of the information in the affidavit came from Schulze himself, via audio recordings of conversations between Schulze and the confidential informant.

■ The district court also properly concluded that audiotapes of conversations between Schulze and a confidential informant were legally made because the confidential informant was "acting under color of law" as required by 18 U.S.C. § 2511(2)(c). The FBI asked the informant to make recordings for use in a criminal investigation, supplied the informant with equipment for making such recordings, monitored the recordings on some occasions, and collected the recordings from the informant. *See United States v. Tousant,* 619 F.2d 810, 813 (9th Cir.1980) (an informant "act[s] under color of law" when directed by the government to make the recordings).

■ In imposing Schulze's sentence, the district court made factual findings concerning the drug weight and Schulze's role as an organizer of criminal activity and, treating the Sentencing Guidelines as mandatory, used these findings to increase Schulze's sentence beyond that justified by the jury's verdict.[1] Because the record is insufficient to show whether the judge would have given Schulze a materially different sentence had he known that the Sentencing Guidelines were advisory, Schulze is entitled to a limited remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

---

1. These findings and Guideline treatment, entirely appropriate when made, are impacted by the Supreme Court's subsequent ruling in the landmark case of *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

CONVICTION AFFIRMED; SENTENCE REMANDED.